**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FARMERS & MECHANICS BANK,<br><br>    Plaintiff,<br><br>    v.<br><br>PATRICIA ANNE HERNANDEZ,<br>individually and Executrix of<br>the Estate of Maria C. Viteri,<br>deceased,<br><br>    Defendant. | Civil No. 13-2242<br>(NLH)(AMD)<br><br>**MEMORANDUM**<br>**OPINION & ORDER** |

**HILLMAN, District Judge**

    This matter having come before the Court upon the Court's review of the notice of removal filed by defendant Patricia Anne Hernandez; and

    Plaintiff, Farmers & Mechanics Bank (the "Bank"), having filed suit against defendant in New Jersey Superior Court, Chancery Division, Burlington County, to foreclose on defendant's properties in Mt. Holly, New Jersey for her failure to pay her mortgage; and

    The Bank having filed its foreclosure action against defendant on July 6, 2007; and

    On April 9, 2013, defendant having filed her notice of removal of the foreclosure action with this Court[1]; and

---

    [1]Although counsel for the Bank is listed on the docket, counsel has not responded to defendant's notice of removal.

In her notice of removal, defendant claiming that the Bank falsified mortgage documents, the attorneys appearing on behalf of the Bank and on defendant's behalf committed ethical violations, and that she was stymied in her efforts to appeal the Chancery Court's order that the Bank may foreclosure on her property; and

The Court finding that defendant's attempt to remove the foreclosure action is improper in numerous ways, including in violation of 28 U.S.C. § 1441(b)(2)("A civil action otherwise removable solely on the basis of [diversity] jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."), id. § 1446(a) ("[A] notice of removal . . . [shall contain] a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."), id. § 1446(c)(1) ("A case may not be removed under subsection (b)(3) on the basis of [diversity] jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to

---

Defendant has taken no steps to advance the matter since she filed her notice of removal.

2

prevent a defendant from removing the action.");[2] and

The Court therefore finding that the action is not maintainable here;

Accordingly,

IT IS on this __21st__ day of __October__, 2013

ORDERED that, to the extent that the action was deemed by

---

[2] Defendant's notice of removal does not aver this Court's jurisdiction over the matter. Our own review of the notice of removal can discern no basis for removal of the underlying state action based on a federal question. The propriety of the removal based on federal questions turns on the well-pleaded complaint rule. See Snyder v. Dietz & Watson, Inc., 837 F. Supp. 2d 428, 445 n.9 (D.N.J. 2011) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 398-99 (1987)) ("'[T]he well-pleaded complaint rule [provides] that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court."). No question of federal law appears to be raised in the Bank's foreclosure complaint nor does it appear that any counterclaims or defenses pursuant to federal law warrant removal. While defendant does include a reference to the constitution and civil rights laws in the removal petition, those claims appear to arise from events alleged to have occurred over the course of lengthy litigation in state court rather than from the initial pleadings. While such events may give rise to defenses or rights of appeal in the underlying state court matter and perhaps a new civil action in either state or federal court, such claims do not warrant removal. See id. ("'[T]he presence of a federal question . . . in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule. . . . [A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal.'"). As set forth above, any removal based on diversity jurisdiction is also substantively and procedurally deficient.

3

the state court to have been removed to this Court, the action is REMANDED to the New Jersey Superior Court, Chancery Division, Burlington County; and it is further

ORDERED that the Clerk of the Court shall mark this matter as CLOSED.


At Camden, New Jersey
                                           <u>s/ Noel L. Hillman</u>
NOEL L. HILLMAN, U.S.D.J.